_____

|  |  |  |
|---|---|---|
| | ) | |
| ANGEL RUIZ RIVERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-1700 (RBW) |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

_____)

## ORDER

On September 3, 2009, the plaintiff, proceeding pro se, filed this action requesting

that the Court order the defendant to take action on an administrative "Motion for Relief

[o]f Judgment or Order" which the plaintiff filed with the defendant purportedly pursuant

to Federal Rule of Civil Procedure 60(b).  See Complaint and Injunctive Relief and

Declaratory Judgment Petition ("Compl.") ¶ 14.[1]  This matter comes before the Court on

the defendant's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and

12(b)(6) based on the defendant's positions that the complaint fails to establish that the

Court has subject-matter jurisdiction and fails to state a claim upon which relief may be

granted as a matter of law.[2]  Motion to Dismiss and to Strike Portions of the Plaintiff's

Complaint From the Docket ("Def.'s Mot.") at 1.  The defendant asserts not only that the

plaintiff's claim is time-barred because the judgment from which the plaintiff seeks relief

---

[1] The plaintiff's complaint sets forth facts that are common to a host of similar suits brought by the plaintiff.  See, e.g., Rivera v. Holder, 666 F. Supp. 2d 82 (D.D.C. 2009); Instituto de Educacion Universal, Inc. v. U.S. Dep't of Educ., 341 F. Supp. 2d 74 (D.P.R. 2004); Instituto de Educacion Universal, Corp. v. Riley, 973 F. Supp. 95 (D.P.R. 1997).

[2] In reviewing this motion, the Court also considered the Plaintiff's Opposition to the Defendant's Motion to Dismiss and to Strike Portions From the Docket, and the Defendant's Reply in Support of its Motion to Dismiss and to Strike Portions of Plaintiff's Complaint From the Docket.

was entered more than 10 years ago, but also that the claim is barred by the doctrines of res judicata and collateral estoppel and by the plaintiff's lack of constitutional standing. Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss and to Strike Portions of Plaintiff's Complaint from the Docket ("Def.'s Mem.") at 1. Additionally, citing Rule 12(f) of the Federal Rules of Civil Procedure, the defendant requests that the Court strike from the record the list of third-party names and corresponding social security numbers that the plaintiff included in the attachment to his complaint. Id. at 10.

The motion to dismiss must be granted for several reasons. First, the plaintiff has failed to state a claim upon which relief may be granted as required by Rule 8(a). The Federal Rules of Civil Procedure do not govern administrative agencies, see U.S. Lines, Inc. v. Fed. Maritime Comm'n, 584 F.2d 519, 543 n.63 (D.C. Cir. 1978) (quoting Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc., 435 U.S. 519, 543 (1978) (holding that "absent constitutional constraints or extremely compelling circumstances the administrative agencies should be free to fashion their own rules of procedure")) (internal quotation marks and citations omitted), and thus the defendant cannot be compelled to apply these Rules in conducting its administrative proceedings. However, even if the defendant was required to abide by the Federal Rules, motions made pursuant to Rule 60(b)(1), (2), and (3) must be made within one year from the entry of the judgment being challenged, while motions made under Rule 60(b)(4), (5), and (6) must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1). Because the plaintiff submitted his Rule 60(b) motion in March 2009, Compl., Exhibit 1 at 40, more than 10 years after the defendant entered the challenged judgment, Compl. ¶ 19, the plaintiff

failed to satisfy Rule 60(b)'s time requirement and therefore even if the Federal Rules applied to administrative proceedings, the defendant was not obliged to take action on the motion.

Second, to the extent that the plaintiff brings a claim to challenge a final administrative decision issued over 10 years ago, id., any such claim is time-barred by the applicable statute of limitations. See Harris v. Fed. Aviation Admin., 353 F.3d 1006, 1009-10 (D.C. Cir. 2004) (noting that "a suit challenging final agency action pursuant to [5 U.S.C. § 704] must be commenced within 6 years after the right of action first accrues"); P & V Enters. v. U.S. Army Corps of Eng'rs, 466 F. Supp. 2d 134, 150 (D.D.C. 2006) (enforcing six-year statute of limitations against claim filed under the Declaratory Judgment Act). Furthermore, such a claim is barred by the doctrine of res judicata based on the rejection of prior challenges to the defendant's decisions raised by the plaintiff. See Instituto de Educacion Universal, Inc. v. U.S. Dep't of Educ., 341 F. Supp. 2d 74 (D.P.R. 2004); Instituto de Educacion Universal, Corp. v. Riley, 973 F. Supp. 95 (D.P.R. 1997).

Finally, because the plaintiff's inclusion of third-party names and social security numbers stands in clear violation of this Court's Local Rule 5.4(f)(1), that portion of the attachment must be stricken from the record.

Accordingly, it is hereby

**ORDERED** that the defendant's motion to dismiss is **GRANTED** and the Clerk of the Court is directed to strike pages 79-117 of Exhibit 3 and pages 1-15 of Exhibit 4 of the plaintiff's complaint.

**SO ORDERED** this 28th day of May, 2010.



_____/s/_____
REGGIE B. WALTON
United States District Judge